**FILED**
**NOVEMBER 12, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CLIFFORD EUGENE OSBORN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-235 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CLIFFORD EUGENE OSBORN. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's Motion to Dismiss be GRANTED and the petition for a writ of habeas corpus be DISMISSED as time barred.

I.
PROCEDURAL BACKGROUND

In October of 2006, a jury found petitioner guilty of second-degree robbery, second-degree unauthorized use of a motor vehicle (UUMV), and first-degree kidnapping. All were enhanced with previous felony convictions for theft, kidnapping with use of a deadly weapon, robbery with use of a deadly weapon, grand larceny, battery with use of a deadly weapon, and possession of a firearm by ex-felon. The jury sentenced petitioner to a term of life on the kidnapping and robbery convictions and twenty years on the UUMV conviction.

Petitioner appealed the judgment, and, on March 25, 2008, the state appellate court affirmed the judgment. On June 9, 2008, the appellate court issued its mandate. Petitioner did not file a petition for discretionary review, but, on September 29, 2008, filed three state applications for writs of habeas corpus challenging all three of the October 2006 convictions. On November 26, 2008, all state habeas corpus applications were denied without written order. On August 4, 2009, petitioner filed the instant federal petition for habeas corpus relief.

## II.
## IS THE PETITION TIMELY FILED

Respondent has filed a Motion to Dismiss, alleging the instant petition is time barred, based upon the day the state appellate court affirmed the convictions. In response, petitioner, basing his calculations on the date mandate issued, contends his petition is timely filed.

Title 28 U.S.C. section 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record does not reflect, nor does petitioner contend, that any unconstitutional State action impeded his filing of the instant federal writ. *See* 28 U.S.C. § 2244(d)(1)(B). Petitioner has not alleged that any of his claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review. *See id.* § 2244(d)(1)(C). Petitioner has not shown or alleged he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See id.* § 2244(d)(1)(D). Accordingly, the one-year limitation period in this case began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See id.* § 2244(d)(1)(A).

### A. Determining When a Judgment is Final

The Fifth Circuit has held that for purposes of section 2244(d)(1)(A),

> the "conclusion of direct review" is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking such review" . . . [T]his includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The Supreme Court, however, cannot become involved in a case (and formally conclude direct review of it for section 2244(d)(1)(A) purposes) if a defendant does not have a ruling on direct appeal from the state court of last resort. Therefore, if a defendant fails to seek a petition for discretionary review "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.*

Under Texas Rule of Appellate Procedure 68.2(a), a petition for discretionary review "must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals." This is the time period to which the Court must look in determining when a conviction became final for purposes of 2244(d)(1)(A). *Id.* Under Texas law, the issuance of a mandate has no bearing on this time frame. And, as far as federal courts are concerned, "[b]ecause the decision became final when the time for seeking further direct review expired, the issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A)."[1] *Id.*

### B. The Date on Which Petitioner's Judgments Became Final

In this case, petitioner does not contend equitable tolling or any of the other circumstances set forth in section 2244(d)(1)(B)-(D) apply to his case. His sole contention relates to the application of section 2244(d)(1)(A) and turns on the date on which the judgment became final. Petitioner contends the judgment became final on the day mandate issued. Mandate issued on June 9, 2008, and 112 days passed before petitioner filed his state habeas corpus applications on September 29, 2008. The Texas Court of Criminal appeals denied those applications without written order on November 26, 2008. On August 4, 2009, 251 days after the denial of the state habeas corpus applications, petitioner filed the instant petition. Therefore, under this calculation, 363 days passed before petitioner filed his federal habeas corpus petition. As such, the petition would not be time barred.

---

[1] The Fifth Circuit has acknowledged Texas caselaw indicates a direct appeal is final when mandate issues. *See Roberts*, 319 F.3d at 692 (citing *Ex Parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000)). The Fifth Circuit has held, however, "that when interpreting the statutory language of 28 U.S.C. § 2244(d)(1)(A), we are not bound by the state law's definition of finality." *Id.* Based on this reasoning, the Fifth Circuit has departed from the Texas Court of Criminal Appeals's determination of finality and independently determined the direct appeal is final for purposes of section 2244(d)(1)(A) thirty days after the state appellate court's decision. *Id.*

The time limitations statute clearly states, however, the limitation period began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a petition for discretionary review, and the Supreme Court never became involved in the matter so as to establish a formal date on which the judgment became final "by conclusion of direct review." Therefore, the limitation period must be computed from the day of "the expiration of the time for seeking" direct review. That day was thirty days after the state appellate court affirmed the judgment. *See Roberts*, 319 F.3d at 694-95; Tex. R. App. P. 68.2(a).

As indicated above, the state appellate court affirmed the judgment on March 25, 2008. Thirty days later, which was the day on which any petition for discretionary review was due and the day on which the judgment became final, was April 24, 2008. Petitioner waited 158 days before filing his state habeas corpus applications. He waited another 251 days after the state habeas corpus applications were denied before he filed the instant petition. Therefore, he waited until 409 days had expired before filing his federal habeas corpus petition. Put another way, because judgment became final April 24, 2008, petitioner's federal habeas corpus petition was due April 24, 2009, absent any tolling. The time period of 59 days between the filing and disposition of the state habeas corpus applications made petitioner's federal petition due 59 days after April 24, 2009, which was June 22, 2009. *See* 28 U.S.C. § 2244(d)(2). Petitioner did not file the instant petition until August 4, 2009. He was thus over one month late in filing his application. Petitioner's habeas corpus petition is time barred, and review of his petition on the merits is prohibited under 28 U.S.C. section 2244(d)(1). *See Roberts*, 319 F.3d at 694-95; *Caldwell v. Dretke*, 426 F.3d 521, 523 n.3 (5th Cir. 2005).

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the respondent's October 26, 2009 Motion to Dismiss be GRANTED and the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner CLIFFORD EUGENE OSBORN be DISMISSED as time barred.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of November, 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).